IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

GRANT KELLER and )
STEPHANIE KELLER, )
                              )
    Defendants-Below/Appellants, )
                              )
           v. )         C.A. No. CPU4-15-003965
                              )
SUZAYN MOONEY and )         JP9-15-001612
ERIC MOONEY, )
                              )
    Plaintiffs-Below/Appellees. )
                              )

## **ORDER**

## **Appeal from Justice of the Peace Court**

**COMES NOW**, this 17th day of December, 2015, the Court finds as follows:

1. The instant matter is a landlord-tenant action that is on appeal from the Justice of the Peace Court. Appellees own property that they rented to Appellants, and originally brought this action in the Justice of the Peace Court to recover possession of unpaid rent, pursuant to the Landlord-Tenant Code *25 Del. C. Chapter 57*.

2. On October 27, 2015, the Justice of the Peace Court entered a default judgment against Appellants for their failure to appear for trial.

3. On November 3, 2015, Appellants filed a motion to vacate, claiming that they were out of the state from the middle of August until the end of October and were unaware of the proceedings. Appellants also allege they paid rent by using an automatic billing process,

which allows the bank to automatically withdraw funds from their bank account and submit a check to Appellees on a monthly basis. Appellants claimed that they did not know that Appellees did not receive their checks, and stated that they were able to pay all rent due and owing.

4. On November 20, 2015, the Justice of the Peace Court held a hearing on the motion to vacate. The court denied Appellant's motion, stating, inter alia, that Appellants' actions did not rise to the level of excusable neglect, reasoning that "[d]espite the fact that the [Appellants] were away for an extended period, they left a responsible adult behind in the tenancy," and "service was made upon [that] individual." The court also stated that Appellants did not dispute the fact that rent remains due and owing. Therefore, on November 23, 2015, the court denied the motion.

5. On December 1, 2015, Appellants filed a Notice of Appeal with this Court, seeking review of the Justice of the Peace Court's denial of their motion to vacate, as well as a Motion to Stay the Eviction. The Court issued an interim Order on the Motion to Stay the Eviction and ordered a hearing.

6. On December 4, 2015, the Court held a hearing on the denial of the motion to vacate the default judgment. Counsel for Appellees appeared, however, Appellants failed to appear.

7. When an appellant seeks review of a Justice of the Peace Court's denial of his or her motion to vacate default judgment, this Court is required to analyze the appeal under an abuse of discretion standard.[1]

---

[1] *Payne v. Davenport Servs., Inc.*, 2013 WL 4769257, at *2 (Del. Com. Pl. Sept. 4, 2013) (citing CCP Civ. R. 72.2(b)(3).

8. "The essence of judicial discretion is the exercise of judgment by conscience and reason as opposed to capricious and arbitrary action. Where the Court has not exceeded the bounds of reason in view of the circumstances and has not ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused."[2]

9. In the Justice of the Peace Court, motions to vacate are governed by Justice of the Peace Civil Court Rule 60(b)(1). Under Rule 60(b)(1), a party may be relieved from judgment where there was mistake, inadvertence, surprise, or excusable neglect.

10. In order to prevail on a motion to vacate, the movant must establish the following:

> (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[3]

11. "Excusable neglect is defined as the actions of defendant which might have been the acts of a reasonably prudent person under similar circumstances."[4] Moreover, while Delaware courts hold pro se litigants to a "somewhat less stringent standard" in their filings and interactions with the Court, a party's pro se status is "not a blank check for defect."[5]

12. After reviewing the record, I find that the Justice of the Peace Court did not abuse its discretion in denying Appellants' motion to vacate because Appellants failed to satisfy the elements required under Rule 60(b). First, Appellants did not demonstrate that their failure to appear for trial was a result of excusable neglect. Second, Appellants did allege a

---

[2] *Id.*

[3] *Kasowski v. Nickle Real Estate, Inc.*, 2013 WL 3131615, at *3 (Del. Com. Pl. June 14, 2013) (quoting *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004)).

[4] *Linden Green Condo. Ass'n v. Cesar*, 2015 WL 4094242, at *2 (Del. Com. Pl. July 7, 2015) (citing *Lewes Dairy, Inc. v. Walpole,* 1996 WL 111130, at *2 (Del.Super.Jan.5, 1996)).

[5] *Sloan v. Segal,* 2008 WL 81513, at *7 (Del.Ch. Jan.3, 2008).

3

meritorious defense to the action against them. In fact, Appellants do not dispute that they owe rent to Appellees.

13. Accordingly, it is hereby ordered that the Stay of Eviction is Vacated. It is further ordered that the appeal is DISMISSED and REMANDED to the Justice of the Peace Court so that the matter can proceed in accordance with court rules.

SO ORDERED this 17th day of December, 2015

_____
Alex J. Smalls
Chief Judge

cc:     Justice of the Peace Court No. 9

Mooney-ORD  Dec 2015

4